## In re WESTERFIELD.

(Supreme Court, Appellate Division, Second Department.   May 31, 1901.)

TRUSTEE—DEFAULT—LIABILITY—PAYMENTS—APPLICATION.

Where R. was adjudged liable on a prior appeal to an estate of which he was a trustee for a certain sum misappropriated by his co-trustee, and it was ordered that R.'s interest in the estate should be applied to the indebtedness, but there was no determination as to the respective proportions which should be applied to income and to the corpus of the estate, an order requiring a substituted trustee to apply $17/20$ of R.'s interest to income and $3/20$ to the corpus of the estate, without proof of the approximate amount R. was liable for income, and without granting him a hearing on that question, was erroneous.

Appeal from surrogate's court, Westchester county.

Application by Mary J. Westerfield and another for an order directing William Shillaber, Jr., to make a payment of certain moneys as trustee of the last will and testament of Jason Rogers, deceased. From an order adjudging the trustee guilty of contempt, he appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Hamilton Odell (Hammond Odell, on the brief), for appellant.
William G. Wilson, for respondents.

PER CURIAM.   Under the former decision of this court, it was held that, as to the moneys and property of Thomas Rogers coming into the hands of the trustee, they should be paid over in discharge of the indebtedness of Thomas Rogers to the estate. We have not assumed to determine what proportion of the moneys thus received

should be applied upon income, and payable to the petitioners, and what proportion should be applied upon the corpus, and paid to the estate. It is quite clear, however, that the proportion of $^{17}/_{20}$ to income, and $^3/_{20}$ to corpus, is out of proportion to the amount of the indebtedness of Thomas Rogers to income. This court has never determined that Thomas Rogers was liable for income in any such proportion. When the subject-matter was before this court upon the former appeal (40 App. Div. 610, 57 N. Y. Supp. 1150), we said that Thomas Rogers was liable to this estate in a sum exceeding $60,000, and that, therefore, the trustees should apply such moneys upon such indebtedness. We did not assume at that time to measure the proportionate amounts which should be paid upon principal and upon income. The surrogate, it seems, has assumed to make such an adjustment, but, so far as we are aware, no proof has ever been submitted showing what the proportionate amount would be. It seems that, under the former order of this court, upwards of $17,000 has been applied in the proportions mentioned; but it is quite evident that payment of such proportion should not be continued, because the devastavit for which this court has held Thomas Rogers liable is not equal in proportion of $^{17}/_{20}$ to $^3/_{20}$ in favor of the petitioners for income. If such should be the continued course of distribution, Thomas Rogers would have paid, in income from his interest in the trust estate, a very much larger sum than that for which he was ever liable, and still have remaining a large indebtedness against him to the estate, which ought to be discharged from moneys received from his interest therein. It is an utter impossibility, from anything now appearing before the court, to determine what proportion of these moneys should be applied to income. Of course, the whole must be applied upon Thomas Rogers' indebtedness until that is canceled. It may be difficult to determine in just what proportion Thomas Rogers is liable to the petitioners for income, but such difficulty ought not to stand in the way of making the best proof obtainable, and adjusting such proportion. Upon this adjustment Thomas Rogers has the right to be heard, and proof, sufficient to arrive at a calculation with tolerable accuracy, no doubt exists. The burden of determining ought not to be thrown upon this court, and, so far as the present record is concerned, there are no data from which it may be arrived at. It is quite possible that this court was laboring under a misapprehension when it made its former order upon this subject, as it seems to have assumed that the proportion which the trustee was instructed to apply was correct, as it recognized and upheld the order; but it ought not now to furnish justification for this order, and until proof is given showing the approximate amount for which Thomas Rogers is liable for income, and which was misappropriated by the devastavit for which he is chargeable, no basis appears upon which to direct the application in the proportions specified.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the matter remitted to the surrogate for determination.